UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT L. BROWN,

    Plaintiff,

v.	Case No. 08-12992
    Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 13, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff applied for Social Security Disability Insurance Benefits on October 8, 2002, alleging that he became disabled on August 20, 2001. The Social Security Administration denied Plaintiff's request for benefits initially. Upon Plaintiff's request, a hearing before an administrative law judge ("ALJ") was held on November 30, 2004. The ALJ found that Plaintiff was not disabled; however, the Appeals Council subsequently granted review and remanded the case for a hearing before a second ALJ. On January 25, 2007, the second ALJ found Plaintiff not disabled. The Appeals Council, however, again granted review and remanded the matter for a third administrative

1

hearing. The third hearing was held on December 14, 2007, before ALJ Joel Fina. on December 27, 2007, ALJ Fina determined that Plaintiff was not disabled and, this time, the Appeals Council denied review. Thus ALJ Fina's decision became the final decision of the Social Security Commissioner ("Commissioner"). Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge R. Steven Whalen. On August 25, 2009, Magistrate Judge Whalen filed his Report and Recommendation (R&R) recommending that this Court deny Plaintiff's motion and grant the Commissioner's motion. At the conclusion of the R&R, Magistrate Judge Whalen advises the parties that they may object and seek review of the R&R within ten days of service upon them. (R&R at 23-24.) Magistrate Judge Whalen specifically warns the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R&R at 23, citations omitted.) After seeking an extension of time, Plaintiff filed objections to the R&R on September 14, 2009. The Commissioner has neither filed objections to the R&R nor responded to Plaintiff's objections.

## **Standard of Review**

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of

> the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not

3

proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id*.

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity from August 20, 2001 through March 31, 2007. (A.R. at 18.)

[2] The ALJ concluded that Plaintiff had the following severe impairments: major depressive disorder, depression secondary to medical condition, degenerative disc disease and degenerative joint disease. (A.R. at 19.)

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. (A.R. at 19.)

    4.     At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

    5.     At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5]  *Id.*

As indicated previously, Plaintiff filed objections to the R&R.

In his objections, Plaintiff first argues that Magistrate Judge Whalen erred by concluding that the ALJ posed a hypothetical question to the vocational expert that adequately incorporated Plaintiff's limitations.  Specifically, Plaintiff argues that the ALJ's hypothetical question which stated only that Plaintiff is "limited to work that consists of simple, routine, repetitive, one or two step tasks" failed to account for the

---

[4]The ALJ found that Plaintiff would have the residual functional capacity to:

> perform a restricted range of sedentary work as defined by the regulations allowing him to sit or stand alternatively at will.  The claimant cannot perform work that requires the use of foot controls.  The claimant can never climb ladders, ropes or scaffolds, or kneel or crawl.  He can occasionally climb ramps or stairs, balance, stoop, or crouch.  The claimant must avoid concentrated exposure to use of moving machinery and concentrated exposure to unprotected heights.  The claimant is also limited to work that consists of simple, routine, repetitive, one or two step tasks.  The claimant can perform jobs that require only occasional interaction with the public or co-workers.

(A.R. at 19.)  The ALJ further concluded that, based on these limitations, Plaintiff could not perform his past work which ranged from medium to heavy in exertional level.  (A.R. at 24.)

[5]The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform.  (A.R. at 25.)  The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act.  (*Id.*)

ALJ's finding that Plaintiff "is moderately impaired as [to] his ability to maintain concentration, persistence, or pace." (*See* A.R. at 19.) Next, Plaintiff objects to Magistrate Judge Whalen's conclusion that a remand is not necessary to address medical evidence indicating that Plaintiff is required to lie down at unpredictable times.

### The ALJ's Hypothetical Question

The ALJ found that Plaintiff is moderately impaired as to "his ability to maintain concentration, persistence, or pace." In his hypothetical question to the Vocational Expert, the ALJ described Plaintiff, *inter alia*, as "limited to work that consists of simple, routine, repetitive, one or two step tasks." (A.R. at 19.) Plaintiff argues that this hypothetical question fails to account for his moderate concentrational impairment. The Commission argued, and Magistrate Judge Whalen agreed, that this hypothetical question adequately described Plaintiff's impairment by specifying that Plaintiff only can perform "one or two step tasks." (R&R at 19.)

"Regarding psychological limitations, such as concentration limitations, the Sixth Circuit has held that the plaintiff's specific psychological limitation need not be specifically mentioned in the hypothetical question if that question accurately describes the claimant's limitations arising from a mental impairment or otherwise accommodates the limitation." *Eiseler v. Barnhart*, 344 F. Supp. 2d. 1019, 1028 (E.D. Mich. 2004) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)). This Court concludes, however, that the ALJ's hypothetical question did not accurately describe Plaintiff's psychological impairment with respect to concentration because it does not reflect the

6

frequency of the impairment. In other words, as one judge in this district has reasoned: "Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at simple, unskilled routine job." *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930 (E.D. Mich. 2005); *see also Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004) (finding that the ALJ's hypothetical question limiting the plaintiff to "simple one or two step tasks" did not account for the ALJ's finding that the plaintiff "*often* suffered from deficiencies in concentration, persistence, or pace"); *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996). As another judge in this district has expressed, limiting jobs to one or two-step tasks "deals with the level of sophistication or intensity of the work that can be done with the concentration limitation"– on par with "simple, unskilled routine" work– and does not address the frequency of how often the person can concentrate. *See Benton v. Comm'r of Soc. Sec'y*, 511 F. Supp. 2d 842, 846 (E.D. Mich. 2007). Moreover, this Court finds this case distinguishable from *Smith* because, here, the ALJ found that Plaintiff has a "moderate limitation." In *Smith*, the plaintiff's physicians characterized his concentration problems as "minimum or negligible." 307 F.3d at 379.

The Court is not persuaded, as Magistrate Judge Whalen was, by the fact that "none of [Plaintiff's] medical or psychological treating sources suggested that Plaintiff lacked the concentration to perform unskilled one and two step work." (A.R. at 19-20.) The ALJ did not simply conclude that Plaintiff was unable to perform anything by simple, routine work. Instead, he specifically concluded that Plaintiff is "moderately impaired' in "his ability to maintain concentration, persistence, and pace." Thus the ALJ's

hypothetical question, to accurately portray Plaintiff's psychological impairments, had to address the frequency or consistency of Plaintiff's ability to concentrate.

### Evidence Regarding Plaintiff's Need to Lie Down

Plaintiff next argues that the evidence introduced at the administrative hearing demonstrated that he needed to lie down at unpredictable times during the day which would preclude even sedentary work and that the ALJ's decision therefore should be reversed. Plaintiff alternatively argues that the matter should be remanded pursuant to sentence six for the ALJ to consider evidence anticipated before the hearing concluded but only provided after the ALJ issued his decision. Specifically, Plaintiff refers to information submitted from his treating physician, Dr. Karl Freydl, that provides greater detail regarding Plaintiff's treatment history, the pain he is experiencing, and the reason(s) why he experiences "substantial ongoing pain." (A.R. at 572-73.)

This Court agrees with Magistrate Judge Whalen that there was evidence in the record before the ALJ contradicting Dr. Freydl's opinion regarding how often Plaintiff needed to lie down to relieve his back problems. However, the Court cannot agree that the ALJ would reach the same decision if presented with Dr. Freydl's post-hearing letter. The ALJ discredited to some degree Plaintiff's testimony regarding the severity and frequency of his pain. (A.R. at 22.) Dr. Freydl's January 2008 letter may cause the ALJ to reach a different opinion. As the matter is being remanded to address the insufficiency in the hypothetical question posed to the vocational expert, the ALJ should be presented

8

with this evidence.

## Summary

For the above reasons, the Court concludes that this matter should be remanded to the Commissioner pursuant to sentence four and six of 42 U.S.C. § 405(g). On remand, Plaintiff's moderate limitations in concentration, persistence, and pace must be considered on his ability to perform substantial gainful employment and Dr. Freydl's January 2, 2008 letter should be considered for any impact it may have on Plaintiff's case.

Accordingly,

**IT IS ORDERED**, that the Court rejects Magistrate Judge Whalen's Report and Recommendation and Plaintiff's motion for summary judgment is **GRANTED** and Defendant's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that this matter is **REMANDED** to the Commissioner.

                                                   s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:
Lewis M. Seward, Esq.
AUSA Derri T. Thomas
Magistrate Judge R. Steven Whalen